**IN THE UNITES STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**MICHAEL STEWART,**
    **Plaintiff,**

**v.**

**STATE OF TENNESSEE,
DEPARTMENT OF CORRECTION, and
AMBER PHILLIPS, in her official capacity,**
    **Defendants.**

CASE NO: _____
F_ILED Without Filing Fee
on IFP Application per
Order of the Court AT
D.E. 96 in No. 3:19-CV-00174

---

## COMPLAINT FOR INJUNCTIVE RELIEF

---

### INTRODUCTION

1.    This is a civil rights action filed by Michael Stewart, pro se Plaintiff, for injunctive relief and declaratory relief under the Eighth Amendment prohibition against cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, via a 42 U.S.C. § 1983, et. seq., complaint against the State of Tennessee, the Department of Correction, and Amber Phillips, in her official capacity as the director of sentence management of the Tennessee Department of Correction.

2.    Michael Stewart (hereinafter referred to as "Plaintiff") previously filed this matter as a member of a class of plaintiffs in <u>Randy Jones, v. Candice Whisman and the State of Tennessee</u>, No. 3:19-CV-00174. This Court conducted a review pursuant to 28 U.S.C. § 1915A and concluded that that <u>Jones</u> complaint passed review. In fact, this Court's January 9, 2020 Order in <u>Jones</u> found that the plaintiffs had presented two colorable claims against the defendants, namely, a substantive due process claim and a vagueness claim as to the 1989 and 1995 statutes related to life sentences and

calculating life sentences. Specifically, this Court found that the claims in Jones implicated two separate provisions of the U.S. Constitution, namely, the Due Process Clause of the Fourteenth Amendment and the prohibition against cruel and unusual punishment of the Eighth Amendment. Based on this Court's review, this Court appointed counsel to represent the plaintiffs.

3.      However, Plaintiff was dismissed as a plaintiff in the matter of Randy Jones, v. Candice Whisman and the State of Tennessee, No. 3:19-CV-00174, because Plaintiff was misjoined as a plaintiff in the Jones matter. This Court's October 27, 2022 Order in Jones authorized and directed Plaintiff to file a new complaint in his own name to address the misjoinder issues raised in Jones. Accordingly, Plaintiff brings this Complaint pursuant to this Court's October 27, 2022 Order in Jones.

**PLAINTIFF'S CLAIM**

4.      Plaintiff alleges that Tennessee's 1989 through 2020 statutes regarding life sentences and calculating of such sentences, as applied to Plaintiff, are unconstitutionally vague and in violation of the Fourteenth and Eighth Amendments of the U.S. Constitution.

5.      Also, Plaintiff alleges that Defendant Phillips' sentencing calculation practices, policies, and procedures are ambiguous, vague, and a misinterpretation of the vague 1989 through 2020 statutes regarding life sentences. Further, Plaintiff alleges that Defendant Phillips applies the 1989 through 2020 statutes regarding life sentences arbitrarily and with deliberate indifference.

6.    Plaintiff alleges that the Defendants are violating the Due Process Clause of the Fourteenth Amendment and the prohibition against cruel and unusual punishment of the Eighth Amendment, and the Ex Post Facto prohibitions of the U.S. Constitution.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over Plaintiff's constitutional civil rights claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1331; and 28 U.S.C. § 1343(a).

8.    Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391, because a substantial portion of the events, acts, or omissions giving rise to these claims occurred in Davidson County, Tennessee; and, because Defendants reside in, or their regular business duties occur in Davidson County. Therefore, the Defendants are subject to both substantive and person jurisdiction in this judicial district.

## PARTIES

9.    Defendant Phillips is the Director of Sentence Management Services for the Tennessee Department of Correction. Defendant Phillips' responsibilities and duties include calculating sentences for persons remanded to the custody of the Tennessee Department of Correction (hereinafter sometimes referred to as "TDOC").

10.    Plaintiff is currently incarcerated at the Morgan County Correctional Complex serving a life sentence.

## AUTHORITIES

11.    42 U.S.C. § 1983 states in pertinent part that every person "who under color of statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

12.     The Eighth Amendment to the United States Constitution states in pertinent part that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

13.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution states in pertinent part that no State shall "deprive any person of life, liberty, or property, without due process of law."

## FACTUAL ALLEGATIONS

14.     Plaintiff alleges that Defendant Phillips practices, policies, customs, and procedures in calculating life sentences is vague, ambiguous, and a violation of the 1989 to 2020 life sentencing statutes.  Further, Plaintiff alleges that Defendant Phillips' application of the 1989 to 2020 life sentencing statutes is arbitrary, capricious, and inm violation of law.

15.     With regard to Defendant Phillips' ambiguous calculation of life sentences, Plaintiff alleges that Defendant Phillips utilizes a vague manual published by the State that states: "If the dates of offense are from 11-1-89 to present the sentence will be Reform Act of 1989 – 1194.  A Reform Act – 1194 Sentence may be applied for an offense committed between 7-1-82 and 11-1-89 if it would be more beneficial to an offender."  Plaintiff alleges that the TDOC and Defendant Phillips has never applied this rule to pre-1989 convictions.   The ambiguous manual continues: "A life sentence conviction with a date of offense after 11-1-89 to 6-30-95 is computed at 36 years TTS (can reduce with credits) and no expiration."

16.    The manual used by the TDOC sentence management office states in pertinent part that "Effective 7-1-95, offenders convicted of violent offenses (committed on or after 7-1-95) and receive Life Sentences (not life w/o Parole) must serve 60 years before parole eligibility.  (See manual p. 17).  The sentence can reduce to no less than 51 years with credit earned."  Tennessee courts have held that life sentences expire as opposed to parole release.

### Prior Corresponding Lawsuit

17.    A prior lawsuit filed by plaintiff Randy Jones, in <u>Randy Jones, v. Candice Whisman and the State of Tennessee</u>, No. 3:19-CV-00174 (U.S. District Court of Tennessee, Middle District), presented issues identical to those presented here regarding the State's illegal application of the Life Sentencing Statutes.  The <u>Jones</u> matter was settled by an agreed order.  Plaintiff herein argues that the same result must be granted in this matter.

### The Sentence Reform Act of 1989

18.    Tennessee enacted the Tennessee Criminal Sentencing Reform Act of 1989 (hereinafter referred to as "the Act").  In the Act, the legislature changed the conviction class of first-degree murder from Class X to Class A.

19.    The Legislature enacted T.C.A. § 39-13-201, et. seq., the "first degree murder" statute, which defined first degree murder.

20.    The Legislature also enacted T.C.A. § 40-35-501(g) providing that the sentence for first degree murder would be calculated at sixty percent (60%) of sixty (60) years, or, thirty-six (36).

21.    Also, in 1993, the Legislature amended T.C.A. § 39-13-204 to include that a mandatory period of twenty-five (25) years had to be served before release could occur; in pertinent part the T.C.A. § 39-13-204 stated:

> (a)  Upon a trial for first degree murder, should the jury find the defendant guilty of first degree murder, it shall fix punishment in a separate sentencing hearing to determine whether the defendant shall be sentenced to death, to imprisonment for life without the possibility of parole, or to imprisonment for life.
> …
> (e)(2)  … The jury shall be instructed that a defendant who receives a sentence of imprisonment for life shall not be eligible for parole consideration until the defendant has served at least twenty-five (25) full calendar years fo the sentence.  The jury hall also be instructed that a defendant who receives a sentence of imprisonment for life without possibility of parole shall never be eligible for release on parole.

This statute was not amended to reflect a life sentence term of fifty-one (51) years until 2021 under Tennessee Public Chapter 528 (2021).

22.    The Legislature also amended T.C.A. § T.C.A. § 40-35-501(h), which states in pertinent part as follows, to coincide with the amendment to T.C.A. § 39-13-204:

> Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence, notwithstanding the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, any sentence reduction credits authorized by § 41-21-236 or any other provision of law relating to sentence credits….

23.    As part of the Tennessee Criminal Sentencing Reform Act of 1989, the Legislature amended T.C.A. § 40-35-501(a)(2), which states:

> Except for inmates who receive sentences of imprisonment for life without the possibility of parole only inmates with felony sentences of more than two (2) years or consecutive felony sentences equaling a term greater than two (2) years shall be eligible for parole consideration.

24.    To add context to the above amended statutes, the Legislature enacted T.C.A. § 40-35-101.  Unfortunately, however, the issue with sentencing for first degree murder begins with the Legislature's note to T.C.A. § 40-35-101 which states:

> NOTE: First Degree Murder excluded from classification of sentencing process and sentencing solely according to first degree murder statute.

25.    As succinctly stated as possible, the term and concept of "Release Eligibility Date" (sometimes hereinafter referred to as "RED") originated in the Class X felony law of 1979 which had a similar provision and called for a "Release Classification Status" (sometimes hereinafter referred to as "RSC") which occurred after serving the entire sentence of a class X felony.  Under this earlier law the RSC or RED determined when a defendant would first become eligible for rehabilitative programs such as work release, parole, furlough, and other programs.  Upon serving enough time to reach the RED, the person would become eligible for release.

26.    The parole eligibility date and the sentence expiration dates are two completely different concepts which have very clear and very different meanings under Tennessee statutory and caselaw authorities.   For example, T.C.A. § 41-21-236 discusses sentence expiration dates and parole dates and the differences between the two concepts.

27.    There is extreme ambiguity in the construction of the 1995 statutes and the amendments created because of the amendments removed release eligibility for life

sentences. It is important to recognize that T.C.A. § 40-35-501(h)(1) specifies that an individual will be subject to release eligibility upon reaching service of sixty percent (60%) of sixty years, less sentence credits earned. If the 1995 legislative enactments eliminated release eligibility, that elimination in no way specifically amended the subsequent language of T.C.A. § 40-35-501(h)(1) which provides that a person sentenced to life imprisonment would become eligible for parole when the individual served a minimum of 25 calendar years. In other words, the 25 year period continues to be the floor and has not been repealed by the 1995 amendments. See State v. Booker 2022 WL 17073278, No.E2018-01439-SC-R11-CD,Tenn.2022)

28.     The same analysis does not apply to any of the other statutes enumerated int eh 1995 amendments except for the charge of first degree murder. The term "red" is very specific as to all crimes except for first degree murder as it relates to the ranking of offenses (such as standard offender, mitigated offender, career offender, etc.). There can be no doubt that the Legislature intended to remove RED for all of these enumerated offenses but it is still an open question as to first degree murder with respect to the eligibility for parole release as opposed to release eligibility. In support of this argument, the comments to T.C.A. § 39-11-117 provide that first degree murder is not punished according to the sentencing structure contained in T.C.A. § 40-35-105. Also, T.C.A. § 40-35-501(a)(1) which provides that an "inmate shall not be eligible for parole until reaching the inmate's release eligibility date...." However, T.C.A. § 39-11-117 creates an exception to the terms "parole" and "RED" because first degree murder has always fallen outside of the sentencing structure of the 1989 statutes and, therefore, cannot now be applied cumulative.

29.     The Legislature, in enacting T.C.A. § 39-13-204, mandated that a person charged with first degree murder has the constitutional substantive due process right to have a court instruct the jury concerning the ranges of sentencing punishment resulting from a conviction of life or life without the possibility of parole.

30.     A defendant charged with first degree murder must be provided with clear notice of the sentences that may be imposed and must be free from cruel and unusual punishment.  T.C.A. § 39-13-204 requires that the jury be informed of the range of punishment applicable to the charges before deciding guilt or innocence.  A defendant found guilty of first degree murder and sentenced to a punishment greater than that mandated by statute is punished unconstitutionally because the defendant's substantive due process protections are violated; the defendant's protections against cruel and unusual punishment are violated; and, the defendant's protections to equal protection of law are violated.

31.     In 1995, the Legislature amended T.C.A. § 40-35-501 to include:

> (i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2).  The person shall serve one hundred percent (100%) of the sentence impose by the court less sentence credits earned and retained.  However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

32.     In this matter, Plaintiff was convicted of first degree murder and the trial court imposed the sentence on November 16, 2005.  The trial court sentenced Plaintiff to a life sentence; however, the jury instruction given by the trial court provided that the sentence had a minimum period of service of 25 years.  The trial court, the District Attorney, Plaintiff's counsel, and Plaintiff all had the understanding that a life sentence

included parole eligibility after service of 25 years. Substantive due process requires that all defendants in criminal trials understand the criminal penalties against them, including the sentences in plea agreements. See Maine v. State 2005 WL 1996631; and Vaughn v. State, 202 S.W.3d 106 at 117 (Tenn.2006).

33.     The trial and sentencing phases of Plaintiff's case proceeded pursuant to T.C.A. § 39-13-204. However, as early as 1998, courts were aware that T.C.A. § 39-13-204 and T.C.A. § 40-35-501(i)(1) were not amended to coincide with each other and T.C.A. § 40-35-501(i)(2)(a).     See State v. Golden, 1998 WL 518071 at *7-*8 (Tenn.Crim.App.1998); and State v. Booker, 2022 WL 17073278.

34.     Without question, achieving release eligibility after fifty-one years is dramatically different from achieving release eligibility after twenty-five years and depending on a defendant's age at sentencing, a life sentence is equivalent to a life sentence without the possibility of parole. The vagueness of the statute denied Plaintiff the right to understand the penalties of a criminal statute, denied substantive due process protections, and the opportunity to make informed decisions before, during and after trial.

35.     Tennessee's criminal sentencing scheme as it relates to the 1995 life sentence statutes is so vague that even Tennessee courts, the Tennessee Attorney General, the Legislature, defense attorneys, and defendant's, including Plaintiff, still do not have clear understanding of how to calculate the criminal penalties of the said statutes.

36.     The Tennessee Attorney General has opined that:

> [P]ursuant to (h)(1), the determinate number is currently sixty
> years and the provisions clearly conflict:
> The House Judiciary Committee specifically stated that the
> intent of the act, so far as a life sentence for first degree

murder is concerned , was to raise the already-existing floor of time to be served as provided in 40-35-501(h)(1), from 60% to 100% of the sixty years.

Special Report to the House Judiciary Committee, Tape #1, May 3, 1995 at 672.

The two provisions clearly conflict...."

Tenn.Op.Atty.Gen. No97-098, 1997 WL 4149672 at *2.

In regard to the confusion of the interplay of the various statutes, the court in State v. Golden, 1998 WL 518071 at *7-*8 (Tenn.Crim.App.1998) opined:

Unfortunately Tennessee Code Annotated § 39-13-204 was not amended to reflect this change.

It immediately becomes apparent that the legislature in 1995 overlooked amending Tennessee Code Annotated § 39-13-204 to coincide with the 1995 amendment to Tennessee Code Annotated § 40-35-501. The statutes presently are in conflict....

See also State v. Booker, 2022 WL 17073278 (This statute was never repealed until 2021)

37.     In Maine v. State, 2005 WL 1996631, the defendant pled not guilty to first-degree murder.  However, the reviewing court overturned the guilty plea based on the vagueness of the statute.

38.     Likewise, in Penley v. State, 2440 WL 2439287, the Tennessee Court of Criminal Appeals commented on the vagueness of the statute.

39.     In further support of Plaintiff's position, that the statutes in question are vague, confusing, and conflicting, is the Tennessee Court of Criminal Appeals opinion in Vaughn v. State, 202 S.W.3d 106 at 117, which states:

There is no dispute over the fact that counsel in both cases were unaware of the trial court's erroneous instruction

regarding the 1995 release eligibility and remained unaware of the error throughout the appellate process. However, the Court of Criminal Appeals held that counsel should not be faulted for failing to object to the erroneous instruction because conflicting statutory provisions created an uncertainty in the law at the time the case was tried.

Vaughn at 117.

40.     Some thirteen years (13) after the Plaintiff's matter, the Tennessee Supreme Court in Brown v. Jordan, 563 S.W.3d 196 (Tenn.2018), disagreed with the Vaughn Court and held that there was not conflict in the statutes. Obviously, Plaintiff argues that the vary nature of the disagreement between Vaughn and Jordan highlights the inherent conflict and vagueness in the statutes. The Brown Court held that section (h)(1) was intended to be applied to pre-1995 convictions. However, the analysis in Jordan is not correct because (h)(1) has never been repealed and T.C.A. § 40-35-501(i)(1) is unclear as to whether it imposed a sentence greater than twenty-five (25) years in comparison to T.C.A. § 39-13-204; nor was T.C.A. § 39-13-204 amended to coincide with the amendment.

41.     Due to the vagueness of T.C.A. § 39-13-204 and T.C.A. § 40-35-501(i)(1) these statutes could be interpreted as a person shall serve 100% of the sentence imposed by the court, or twenty-five (25) years, with a maximum allowable reduction of 15% for sentence credits earned.

42.     Article II, Section 3 of the Tennessee Constitution vests the state's legislative power solely in the General Assembly. In general, legislative power is the authority to make, order, and repeal law. Specifically, the General Assembly may not delegate to an executive branch agency, i.e. TDOC sentence management, the exercise of the

legislature's discretion as to what the law shall be, because this is a purely legislative function.

43.    T.C.A. § 40-35-501(i)(2)(A) was made vague in 1995 and these statutes have become so arbitrary that Plaintiff has been denied the right to understand the criminal penalties against him and denied the opportunity to plea due to inaccurate information in violation of the Plaintiff's substantive due process rights secured under the 14th Amendment; and the right to be free from cruel and unusual punishment provided for by the 8th Amendment.

44.    Some twenty-five (25) years after the 1995 amendment, due to vagueness and conflict between the Tennessee Supreme Court decision in <u>Brown</u>, and the Sixth Circuit's decisions concerning life sentences under (i)(2)(A), the Tennessee legislature passed Public Chapter 765 in an attempt to clarify the life sentence statutes.   The legislature took a twenty-five (25) year statute and changed the meaning; i.e. penalties, of the statute for offenders sentenced from November 1, 1989 to present.

The 1995 amendment to T.C.A. § 40-35-501 stated:

> (i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995 that is enumerated in subdivision (i)(2).  The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained.  However, no sentence reduction credits authorized by T.C.A. § 41-21-236 or any other provision of law shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

The 2020 clarification amendment to T.C.A. § 40-35-501 states:

> (H)(2) There shall be no release eligibility for a person committing first degree murder, on or after July 1, 1995, and receiving a sentence of imprisonment for life.  The person shall serve one hundred percent (100%) of sixty years less

> sentence credits earned and retained. However, no
> sentence reduction credits authorized by § 41-21-236 or any
> other law, shall operate to reduce the sentence imposed by
> the court by more than fifteen percent (15%).

45.     No person of common intelligence would believe that the 1995 and 2020 clarification amendment, as stated above, have the same meaning and penalties.

46.     Changing a twenty-five (25) year old statute and applying it to the Plaintiff violates the Plaintiff's substantive due process rights; violates Plaintiff's rights to be free from cruel and unusual punishment; and violates the Ex Post Facto Clause of the Constitution.

47.     A bill presented by the General Assembly attempting to clarify the twenty-five (25) year old amendments or lack of amendments leaves no doubt that the statutes are vague, and in conflict with other statutes and is unconstitutionally vague as applied to Plaintiff.

48.     A person may bring a 1983 civil rights claim for an express constitutional violation. Also, a 1983 civil rights claim can be brought for a substantive due process violation where the state actor's conduct shocks the conscience or is otherwise an offense to the concept of ordered liberty.    Plaintiff relies on both of these well established points of law in brining this matter.

49.     In 108 the Tennessee Supreme Court in <u>Brown</u> ruled that the Legislature in 1989 defined a life sentence as a determinate 60 year sentence.

50.     Four years later in the Chancery Court of Davidson County, after over 30 years, the Tennessee Attorney General agreed, to a settlement in case No. 22-0574-IV, that a life sentence expiration date was to be calculated at sixty (60) years.

51.    The problem with the agreed resolution is that the State agreed to calculate the life sentence based upon 1010 Tenn. Pub. Acts, ch. 765, § 1.  This law is in violation of the Ex Post Facto Clause as applied to Plaintiff.

52.    Ironically, for over 30 years, TDOC and the lower courts have repeatedly determined that a life sentence does not expire.  Some of the cases were decided after Brown, see also Tate v. TDOC, 2017 WL 371348 at *2; and JY Sepulveda v. TDOC (Davidson County Chancery Court case number 19-517-III).

53    The 14th Amendment does not protect against all deprivations of liberty.  It only protects against deprivations of liberty accomplished "without due process of law."  Under the Plaintiff's circumstances, the adequacy of the state remedy is irrelevant.  Even more, in the field of substantive rights and duties of the legislative judgment, if oppressive and arbitrary, may be overridden by the courts.  See Tennessee v. Garner v. Beebe, 743 F.2d 342 (6th Cir.1984); Baker v. McCollan, 443 U.S. 137 (1979); Palki v. Connecticut, 302 U.S. 319 (1937); and Haag v. Cuyahoga County, 619 F.Supp.262 at 278.

54.    In further support of Plaintiff's position, the standard pattern jury instruction (TPI) was not changed until 2020 by a committee.  Attached is a copy of the standard pattern jury instruction.  The committee not only acknowledged the fact that the twenty-five (25) year minimum was required to be read to the jury but also commented on how the statutes and amendments were not legal.  The jury instruction was enacted by the Legislature; and, no committee, judge, or attorney can alter or rewrite statutes.

55.    Finally, T.C.A. § 39-13-204 was not amended to reflect the fifty-one (51) application until 2021.  See Publ. Ch. 528.

56.    Article II, Section 3 of the Tennessee Constitution vests the state's legislative power solely in the General Assembly.  In general, legislative power is the authority to make, order, and repeal law.  Specifically, the General Assembly may not delegate to an executive branch agency the exercise of the legislature's discretion as to what the law shall be because, this is a purely legislative function.

57.    Recently, in State v. Booker, 2022 WL 17073278 (Tenn.2022), the Tennessee Supreme Court again defined a life sentence as a determinate 60 year sentence and that it was essentially the same a life-without parole which is unconstitutional when applied to juveniles.

58.    Tennessee federal and state courts have relentlessly addressed the issue that life sentences under the 1995 amendment to the Sentencing Reform Act of 1989 do not have parole considerations.  For example:

> In the later situation, subsection (i)(1) provides the means for determining the sentence expiration date, and release is not contingent upon a grant of parole.  [internal citations omitted].  (*Pinchon v. Washburn*, 532 F.Supp.3d 543 (IIIb) (Tennessee statute nominally distinguishes between life and life without.); (State v. Booker, 2022 WL 17073278 (A sentence as a term of years can be regarded as a sentence of life without.)(Justice Jeffrey S. Bivens)

59.    Tennessee Code Annotated § 39-13-202(c) provides for three possible sentences for first degree murder conviction; death, life imprisonment without the possibility of parole, or life with parole.  The state must file a notice of intent to seek the death penalty of life without the possibility of parole.  Tennessee Code Annotated § 39-13-208(c) provides that when the State does not seek the death penalty or life without the possibility of parole and the defendant is subsequently convicted of first degree murder, "the defendant shall be sentenced to imprisonment for life with parole by the

court."  This was the intent of the statute.  The life sentence pursuant to § 40-35-501(i)(2)(A) is "life without parole and the State has not filed the notice of intent to seek life without parole in violation of the plaintiff's substantive due process rights secured under the U.S. Constitution.  See Pinchon v. Washburn, 532 F.Supp.3d 543, 2020 WL 5250668 at *4 (Tennessee statute nominally distinguishes between life and life without.); and State v. Booker, 2022 WL 17073278 (A sentence as a term of years can be regarded as a sentence of life without.).

60.     As enumerated above, subsection (h)(1) states: "a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence...."

      Subsections (h) and (i) state:

            (h)(1)    Release eligibility for each defendant receiving a
            sentence of imprisonment for life for first degree murder shall
            occur after service of sixty percent (60%) of sixty years less
            sentence credits earned and retained by the defendant, but
            in no event shall a defendant sentenced to imprisonment for
            life be eligible for parole until the defendant has served a
            minimum of twenty-five (25) full calendar years of the
            sentence, notwithstanding the governor's power to reduce
            prison overcrowding pursuant to title 41, chapter 1, part 5,
            any sentence reduction credits authorized by § 1-21-236 or
            any other provision of law relating to sentence credits…

            (2)    There shall be no release eligibility for a defendant
            receiving a sentence of imprisonment for life without
            possibility of parole for first degree murder.

            (i)(1)    There shall be no release eligibility for a person
            committing an offense, on or after July 1, 1995, that is
            enumerated in subdivision (i)(2) … are (A) murder in the first
            degree…."

61.     Former subsection (h)(2) stated: "there shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without the possibility of parole

for first degree murder." Subsection (i)(1) states the exact same language for first degree murder except adding an additional sentence which states, "[t\he person shall serve one hundred percent (100%) of the sentence imposed.

62. The language of T.C.A. § 40-35-501(i)(1) is unclear as to whether it imposed a sentence greater then twenty-five (25) years imposed by T.C.A. § 39-13-204, not was T.C.A. § 39-13-204 amended to reconcile with the new amendment.

63. The sentencing scheme contained in T.C.A. § 40-35-501(a)(2) states:

> Except for inmates who receive sentences of imprisonment for life without possibility of parole only inmates with felony sentences of more than two (2) years or consecutive felony sentences equaling a term greater than two (2) years shall be eligible for parole consideration.

64. Accordingly, T.C.A. § 40-35-401(a)(2) is in direct conflict with subsection (i)(1).

65. The jury instruction under T.C.A. § 39-13-204 was not amended to reflect the 60 year sentence until 2021, some 26 years after the Plaintiff's date of offense and, therefore, violates Ex Post Facto protections.

66. The Constitution requires that a defendant charged with murder in the first degree must be provided with clear notice of the sentences to which they are subject and be free from cruel and unusual punishment. As evident by the facts of this complaint, numerous court opinions, State Attorney General Memos, and other sources, Plaintiff's Constitutional protections have been violated.

67. A plea carries the Constitutional guarantee of knowing and understanding the criminal penalties of one charged with a crime; but, this Constitutional guarantee must have heightened protection of on charged with the crime of murder. See Maine v. State, 2005 WL 1996631. Even more so, one who claims his innocence and proceeds

to trial should never suffer from vague statutes, especially one charged with the crime of murder and has the possibility of having his life taken by such consequences. This Constitutional protection requires heightened substantive due process.

68.    The Constitutional protections stand separate from implications of violations of fair trial or ineffective counsel which cannot be raised because it has now been decades since Plaintiff's conviction and his appellate rights have been exhausted. Plaintiff has no remedy to cure these continuing constitutional violations.

69.    Due to the vagueness of the 1995 life sentence statute, the 1995 life sentence statute is unconstitutionally vague and so arbitrary, as applied to Plaintiff, that Plaintiff has been denied the right to understand the criminal penalties of the criminal statute, denied the opportunity to make an informed plea decision based upon inaccurate information, denied substantive due process, been inflicted with cruel and unusual punishment, and has endured violations of Ex Post Facto protections under the Constitution.

70.    Tennessee's vague sentencing statute regarding the 1995 life sentence, as applied to Plaintiff, violates the Plaintiff's substantive due process protections, violates the Constitutional right to be free from cruel and unusual punishment, Ex Post Facto protections, and violates Plaintiff's Constitutional right to equal protection under law.

71.    The U.S. Supreme Court has held:

> When interpreting a criminal statute, we do not play the part of a mind reader. In our seminal rule-of-lenity decision, Chief Justice Marshall rejected the impulse to speculate regarding a dubious congressional intent [p]robability is not a guide which a court, in construing a penal statute, can safely take." [internal citation omitted]. And Justice Frankfurter, writing for the Court in another case, stated: when Congress leaves to the Judiciary the task of imputing to Congress an

undeclared will, the ambiguity should be resolved in favor of
lenity.  [internal citations omitted].

<u>U.S. v. Santos</u>, 553 U.S. 507 at 515.

72.    The rule of lenity demands that ambiguities in criminal statutes be resolved in
favor of the Plaintiff.  (See <u>U.S. v. Batchelder</u>, 442 U.S. 114).

### Details of Plaintiff's Sentence

73.    Plaintiff's convicted offense date of first-degree murder is November 16, 2005,
and the court imposed a life sentence under the 1989 Sentencing Reform Act, T.C.A. §
39-13-204, and T.C.A. § 40-35-501(i)(1) and (2)(a).   The trial court imposed the life
sentence with a minimum of twenty-five (25) years to serve according to the Tennessee
pattern jury instruction used by Tennessee courts for the period 1995 to 2021.

74.    In the Plaintiff's case, the twenty-five (25) year life sentence which he received is
unconstitutionally vague; and, the court imposed a sentence greater than that required
by statute.  This is a clear violation of Plaintiff's substantive due process rights.  These
statutes as applied to Plaintiff are unenforceable.

75.    The State, vis-à-vis Defendant Amber Phillips, calculated the Plaintiff's sentence
as life without the possibility of parole for over 20 years, and then at the request of
Plaintiff, now calculates a release eligibility date at 60 years an no 25 year parole
eligibility or expiration date.

> Effective 7/1/95, offenders convicted of violent offenses
> (committed on or after 7/1/1995) and receive a life sentence
> (not life w/o parole) must serve 60 years before parole
> eligibility.  The sentence can reduce to no less then 51 years
> with credits earned.
>
> See TDOC Sentence Management letter attached hereto.

76.    Plaintiff's sentence was imposed under T.C.A. § 39-13-204, which was not amended until 2021.  Further, T.C.A. § 40-35-501(i)(1) and T.C.A. § 39-13-204 were not amended to coincide with each other.  See State v. Golden, 1998 WL 518071; and State v. Booker, 2022 WL 17073278.

77.    Now, after 30 years, the Tennessee Attorney General has agreed that a life sentence was to be calculated at sixty (60) years in the Chancery Court of Davidson County (case no.: 22-0574-IV).   The problem that arises is that with this agreed settlement the State agreed to calculate the life sentence based upon the 2020 Tenn.Pub.Acts, ch. 765, § 1.  This law, as applied to Plaintiff, is in violation of the Ex Post Facto clause.

78.    In Plaintiff's case, due to the vagueness of the statute, the Court, the district Attorney General, counsel for Plaintiff, and Plaintiff all proceeded to trial unequivocally believing that a life sentence was 25 years before parole eligibility.  The Plaintiff has not served over 26 years.

79.    Article II, Section 3 of the Tennessee Constitution vests the legislative power solely in the General Assembly.  In general, legislative power is the authority to make, order, and repeal law.  Specifically, the General Assembly may not delegate to an executive branch agency the exercise of the legislature's discretion as to what law shall be, because this is a purely legislative function.

## CAUSES OF ACTION

**1.  Defendant Phillips deliberately violated Plaintiff's substantive due process protections of the 14th Amendment, 8th Amendment, and 42 U.S.C. § 1983 by unconstitutionally calculating Plaintiff's life sentence; and because of the unconstitutional vagueness of Tennessee's life sentence statutes.**

80.     Plaintiff brings this action arising out of the cruel and unusual punishment inflicted by the application of Tennessee's 1989 to 2020 vague life sentence statutes. The vagueness of the statutes violates Plaintiff's substantive due process protections by depriving Plaintiff of life, liberty, or property, without due process of law.   Also, the vagueness of the 1989 to 2020 vague life sentence statutes violates the protection against cruel and unusual punishment.   Last, the based upon the 2021 statutory amendments, Plaintiff's protections against Ex Post Facto laws has been violated.

81.     Tennessee's vague sentencing statute, regarding the 1989-2020 life sentence statutes is unconstitutionally vague and so arbitrary that Plaintiff has been denied the right to understand the penalties of a criminal statute.   Plaintiff has been denied substantive due process; denied the opportunity to make informed decisions before, during, and after trial due to the vague sentencing statutes.   The vague sentencing statutes violate Plaintiff's substantive due process rights under the Due Process Clause of the Fourteenth Amendment depriving Plaintiff of life, liberty, or property, without due process of law, and the Eighth Amendment prohibition of cruel and unusual punishment. The vague sentencing statutes also violate Ex Post Facto protections.

82.     The U.S. Supreme Court has acknowledged that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute.  U.S. v. Batchelder, 442 U.S. 114 at 123 (1979).

83.     As evidenced above, the ambiguities and misinterpretations of the vague Tennessee life sentence statutes from 1989 to 2020 not only violates Plaintiff's rights under the Constitution but also continues such violations without remedy.

84.     Plaintiff is entitled to all available relief under the law necessary to make Plaintiff whole, including, but not limited to:

    A.      A finding that the relevant sentencing statutes as described herein to be unconstitutionally vague and therefore unenforceable;

    B.      A finding that Plaintiff's rights pursuant to the Eighth and Fourteenth Amendments have been violated through the infliction of cruel and unusual punishment and violations of Plaintiff's substantive due process protections;

    C.      An Order ordering the Defendants, and all relevant Tennessee agencies and departments, to immediately implement constitutionally sound and valid policies and practices, and to timely resentence Plaintiff, and those similarly situated, to a sentence of life to conform with the requirements of the Constitution;

    D.      Order that Plaintiff must be resentenced under T.C.A. § 40-35-501(h) under the 1989 Sentencing Reform Act (formerly 40-35-501(g)). See Hill v. Snyder, 878 F.3d 196 (6th Cir.2017);

    E.      Award reasonable attorney fees, expenses, and costs to the maximum extent permitted by law and under 42 U.S.C. § 1983; and,

    F.      Award all other relief, legal or equitable, that the Court deems just and proper.


**2. Defendant's deliberate indifferent interpretation of Tennessee's vague life and determinate sentence statutes which are unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment prevents Plaintiff from challenging the expiration dates of their sentences in violation of Plaintiff's rights under the substantive due process clause of the Fourteenth Amendment and the Eighth Amendment of the Constitution and violates the due process clause of the Fourteenth Amendment and 42 U.S.C. § 1983 (asserted by Plaintiff against Defendant Phillips in her official capacity)**

85.     Plaintiff re-alleges and incorporates by reference each allegation in each of the preceding paragraphs as though fully set forth herein.

86.     The due process clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law."   U.S. Constitution Amend. XIV, § 1.

87.     Pursuant to 42 U.S.C. § 1983, any person who, under color of law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured at law, suit in equity, or other proper proceeding for redress."

88.     As set forth in the allegations above, Defendant has not maintained an adequate process for Plaintiff to maintenance his sentence to comply with constitutionally protected mandates.

89.     Plaintiff is entitled to all available relief under the law necessary to make Plaintiff whole including, but not limited to:

    A.      An order directing Defendant to submit detailed policies, procedures, and practices which comply with the constitutional mandates secured under the Constitution to this court for approval prior to implementation;

    B.      Reasonable attorney fees, expenses, and costs to the maximum extent permitted by law, including under 42 U.S.C. §1983; and

    C.      All other relief, legal or equitable, that the Court deems just and proper.


### PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERER, Plaintiff prays for the following relief:

1.     An injunction directing the Defendants to cease and desist in the cruel and unusual punishment of Plaintiff and all those similarly situated under the unconstitutional 1989-2020 life sentence statutes.

2.     A finding that the relevant sentencing statutes are unconstitutionally vague and unenforceable;

3.     A finding that Plaintiff's rights under the Eighth and Fourteenth Amendments have been violated based upon cruel and unusual punishment and a violation of the Ex Post Facto clause;

4.     An Order directing Defendant and all relevant Tennessee agencies and departments, to immediately implement constitutionally sound and valid policies and practices, and to timely and efficiently and accurately resentence Plaintiff, and those similarly situated, to a sentence of life to conform with the requirements of the Constitution.  The Plaintiff's sentence must be imposed under T.C.A. § 40-35-501(h) under the 1989 Sentencing Reform Act (formerly 501(g)).  Resentencing the Plaintiff under the 1989 Sentencing Reform Act is not a favorable judgment at most it would speed up a parole hearing application but it would not automatically result in speedier release.

5.     Award Plaintiff all costs, expenses and reasonable attorney's fees as permitted by law, including 42 U.S.C. § 1983; and

6.      All other relief, legal or equitable, that the Court deems just and proper.

Respectfully submitted on this the _22_ day of _Jan_, 20 _24_

Respectfully submitted,

_(signature)_

MICHAEL STEWART
PRO SE
P.O. BOX 2000
WARTBURG, TN 37887

## **AFFIDAVIT OF VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare that the facts stated herein this Complaint filed under 42 U.S.C. § 1983 for injunctive and declaratory relief under penalty of perjury are true and correct to the best of my knowledge, information, and belief.

Signed this the _____ day of _Jan_, 20 _24_

_(signature)_

MICHAEL STEWART

STATE OF TENNESSEE
COUNTY OF MORGAN

The above individual appeared before me and personally affixed his signature on this the _____ day of _____, 20 _.

_(signature)_
NOTARY PUBLIC

My commission expires: _08/21/__

## **PROOF OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of this 42 U.S.C. § 1983 Complaint and affidavit of verification has been placed in the prison mailbox and sent by first class U.S. mail, postage prepaid to the State attorney general at P.O. Box 20207, Nashville, TN 37202, on this the _22_ day of _Jan_____, 20_24_.

_____
MICHAEL STEWART

Mike Stewart #268006
PO Box 2000
Wartburg TN
37887

RECEIVED
FEB 01 2024
U.S. District Court
Middle District of TN

Clerk of Court
U.S Courthouse
719 Church St,
Nashville, TN 37203



M.C.C.X.

JAN 2 9 2024

Privileged
Outgoing
Mail

MCCX has neither inspected
nor censored and is
not responsible for content